# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | |
|---|---|
| **RICHARD M SAVOIE** | **CASE NO. 2:20-CV-01289** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **B P AMOCO CHEMICAL CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiffs'[1] Motion to Remand (Rec. Doc. 12) and the following responses thereto: Exxon Mobil Corporation's Opposition (Rec. Doc. 17); Plaintiffs' Reply (Rec. Doc. 18); Exxon's Sur-Reply (Rec. Doc. 23); Plaintiffs' Sur-Rebuttal (Rec. Doc. 26); Plaintiffs' Sur-Sur-Reply/Supplemental Memorandum in Support of Motion to Remand (Rec. Doc. 32); and Exxon's Response (Rec. Doc. 37). Following multiple case reassignments, the motion was eventually referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiffs' Motion to Remand be granted.

---

[1] Plaintiffs Catherine Savoie, Kevin Savoie, and Michalee Savoie were substituted for Richard Savoie after his death. (Rec. Doc. 45).

**Factual Background**

Richard Savoie filed suit in Louisiana state court in January 2019 against multiple defendants and their insurers alleging that he developed multiple myeloma from exposure to toxic chemicals and carcinogens while working at facilities owned by the various defendants. (Rec. Doc. 1-1). On August 7, 2020, he amended the petition to assert claims against Mobil Pipe Line Company and Exxon. (Rec. Doc. 1-2). Exxon removed the case in October 2020 on the grounds of diversity jurisdiction. Plaintiffs do not dispute that Mr. Savoie settled with all the defendants except Mobil Pipe Line Company, Exxon, and Travelers Insurance Company. Exxon's Notice of Removal submitted that Travelers, the only remaining non-diverse defendant, was improperly joined. Plaintiffs alleged that Travelers insured Tennessee Gas Pipeline Company, Plaintiff's employer between 1972 and 1974. (Rec. Doc. 1-1, ¶3; 10). In their motion to remand, Plaintiffs challenge the timeliness of Exxon's removal and dispute that Travelers was improperly joined.

**Law and Analysis**

**I.   Law applicable to removal and remand.**

The federal district courts have original jurisdiction over cases in which the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28

U.S.C. §1332. 28 U.S.C. §1441 and §1446 provide the procedural mechanism by which a party may remove a matter from state court to a federal district court.

> The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. To determine whether jurisdiction is present for removal, we consider the claims in the state court petition as they existed at the time of removal. Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.

*Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

Exxon, as the party seeking to invoke federal diversity jurisdiction under §1332, bears the burden of establishing that the parties are diverse, that the amount in controversy exceeds $75,000, and that removal was otherwise proper. The disputed issues are the timeliness of Exxon's removal under the one-year time limitation of §1446(c)(1) and whether Travelers, a non-diverse defendant, was improperly joined.

## II. **Whether removal was timely.**

Plaintiffs first challenge the timeliness of Exxon's removal. A case may not be removed on the basis of diversity jurisdiction more than one year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. 1446(c)(1). The one-year limitation applies only to those cases which were not initially removable. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 886 (5th Cir.

1998). This is such a case; however, the trigger for the one-year time limitation is debatable. Exxon, which removed the case more than one year after Plaintiffs initially filed suit but less than one year after Plaintiffs added Exxon as a defendant, relies on the Fifth Circuit's ruling in *Braud v. Transp. Serv. Co. of Illinois*, wherein the court explained:

> [A]s to [a] new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court. … Instead, a new defendant can remove even if the plaintiff decided to add it more than one year after the initial suit. Therefore, there is no indication that the time when the initial suit was filed has any relevance as to when an action "commences" under [the Class Action Fairness Act] CAFA for an amendment adding a new defendant. Rather, the correct approach is that used in *Adams, Martinez*, and *Miller,* which, because of concerns regarding notice and limitations, looked at commencement as to a new defendant as of the date of service of the amended pleading (or receipt of that pleading under 1446(b)).
>
> Thus, although "an amendment of the complaint will not revive the period for removal if a state court case previously was removable but the defendant failed to exercise his right to do so," a different result generally is reached if the pleading amendment provides (1) a "new basis for removal" or (2) "changes the character of the litigation so as to make it substantially a new suit." 14C Wright, Miller & Cooper, *supra,* § 3732 at 311–48.

*Braud v. Transp. Serv. Co. of Illinois*, 445 F.3d 801, 805–06 (5th Cir. 2006).

> An amendment provides a "new basis" for removal where, in a previously non-removable case, the only non-diverse defendant is dismissed, or where the amount in controversy is increased so as to exceed the diversity jurisdictional threshold. In contrast, the "substantially new suit" analysis looks to whether the amendment of a previously removable suit makes it a substantially new suit so as to restart the removal window.

4

*Id*. at 806, fn. 10 (5th Cir. 2006)

The Fifth Circuit later clarified that the *Braud* exception to the one-year time removal limitation applies when the plaintiff adds a new defendant such that the case commences a new civil action as to that defendant. *Admiral Ins. Co. v. Abshire*, 574 F.3d 267, 273 (5th Cir. 2009).

Although the foregoing analysis arose in the context of CAFA removal, some district courts have extended the *Braud* reasoning to other actions. For instance, in *Gore v. Robertson*, No. 14-00749-BAJ-RLB, 2015 WL 5749459, at *4 (M.D. La. Sept. 30, 2015), upon which Exxon primarily relies, the plaintiff in a negligence-based auto accident later amended the suit to name his car's manufacturer as a defendant and assert products liability claims. The court held that a new action commenced for purposes of 1446(c)(1) against the newly added defendant manufacturer, because "the plaintiff introduce[d] an entirely new theory of liability, for which extensive new discovery would be required, against a defendant who is entirely unrelated to the other defendants[.]" *Id*. at *5.

Other courts, including courts in this District, have been unwilling to extend the *Braud* analysis beyond CAFA cases. See e.g. *James v. Whitney*, No. CV 20-0203, 2021 WL 3044149, at *3 (W.D. La. July 19, 2021). Compare also *Holleman v. Golden Nugget Lake Charles, LLC*, No. 19-477, 2019 WL 5855770 (W.D. La. Nov. 6, 2019):

5

> The jurisprudence and the legislative history indicate that the one-year limitation of 28 U.S.C. § 1446(c)(1) starts to run when the original state court petition is filed and does not reset or re-commence with the additional of new defendants. Congress made clear that the one-year limitation is intended to prevent defendants from removing state court actions after substantial litigation has progressed in state court. Congress specifically addressed the situation where a non-diverse defendant settles and is dismissed shortly before trial, making the case first removable under Section 1446(b), but for the one-year limitation. The jurisprudence from multiple district courts across the country has held that the one-year limitation does not restart with the addition of a new defendant.

*Holleman v. Golden Nugget Lake Charles, LLC*, No. CV 2:19-00477, 2019 WL 5855770, at *4 (W.D. La. Nov. 6, 2019). See also *Howell v. St. Paul Fire & Marine Ins. Co.*, 955 F. Supp. 660 (M.D. La. 1997) ("Congress specifically put an overall time limit when a party seeks to remove an action pursuant to 28 U.S.C. § 1332" that "applies even if new defendants are added or new claims are asserted."); *Day v. W. World Ins. Co.,* No. 14-348, 2014 WL 4373301, at *3 (M.D. La. Sept. 3, 2014).

This Court is further guided by the language of §1446, which was amended in 2011 to include the bad-faith exception to the one-year removal bar. Both *Braud* and *Abshire* considered §1446 before the statute included the bad faith exception. *Braud's* reasoning was grounded largely on principles of notice:

> The caselaw holds that generally "a party brought into court by an amendment, and who has, for the first time, an opportunity to make defense to the action, has a right to treat the proceeding, as to him, as commenced by the process which brings him into court." *United States v. Martinez,* 195 U.S. 469, 473, 25 S.Ct. 80, 49 L.Ed. 282 (1904) ((citing *Miller v. M'Intyre,* 31 U.S. (6 Pet.) 61, 8 L.Ed. 320 (1832))). As the *Miller* Court explained, this is because it "would be a novel and

6

unjust principle to make the defendants responsible for a proceeding of which they had no notice." *Miller,* 31 U.S. at 64.

*Braud*, 445 F.3d at 805.

*Gore* was likewise influenced by equity considerations:

> Plaintiff would have this Court deny GM the opportunity to remove this action to federal court, even though Plaintiff would have the full panoply of legal and strategic opportunities available to him to pursue a new legal theory against a new defendant. As the Fifth Circuit has stated, "'[t]here is a constitutional right to a fair trial in a civil case.'" *Latiolais v. Whitley*, 93 F.3d 205, 207 (5th Cir. 1996) (quoting *Lemons v. Skidmore*, 985 F.2d 354, 357 (7th Cir. 1993)). Gore's request here essentially asks the Court to allow him certain procedural advantages at GM's expense.

*Gore,* 2015 WL 5749459, at *4. Thus, *Braud* can be interpreted as creating an equitable exception to the one-year limitation at a time when the statute did not include such a means for removal.

As one court in this District noted,

> Before the 2011 amendment to 28 U.S.C. § 1446 (c), which added the bad-faith exception to the one-year removal bar, courts in this circuit made equitable exceptions to the one-year bar, noting that strict application of the one-year bar could "encourage plaintiffs to join nondiverse defendants for 366 days simply to avoid federal court." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 429 (5th Cir. 2003) *superseded by statute as recognized in Hoyt v. Lane Constr. Corp.*, 927 F.3d 287, 293 (5th Cir. 2019), *as revised* (Aug. 23, 2019) ("We therefore no longer apply the old § 1446 and the *Tedford* exception we created. We now apply the new § 1446 and the bad-faith exception Congress created."). Such equitable exceptions are no longer in use because "[i]f Congress wanted to resolve the conflict by adopting the *Tedford* standard, it could have done so. [...] But it did not. Congress instead chose to replace *Tedford's* equitable-estoppel principle with a

7

"bad faith" standard. *See* 28 U.S.C. § 1446(c)(1)." *Hoyt*, 927 F.3d at 293-94.

*Boudreaux v. State Farm Mut. Auto. Ins. Co.,* No. 21-CV-2874, 2022 WL 2352333, at *3 (W.D. La. June 7, 2022), *report and recommendation adopted,* No. 21-CV-2874, 2022 WL 2347162 (W.D. La. June 28, 2022).

Similarly, this Court finds that a newly added defendant who removes after one year from the date of the plaintiff's original suit may only rely upon the statutory bad faith exception to justify his untimely removal. This ruling further comports with legislative intent "to prevent defendants from removing state court actions after substantial litigation has progressed in state court," as has occurred in this case. *Holleman,* 19 WL 5855770, at *4 (citing H.R. REP. 100-889, 72, 1988 U.S.C.C.A.N. 5982, 6032-33).

Exxon has not meaningfully argued that Plaintiffs amended the petition to add Exxon and Mobil Pipe Line in bad faith, and the Court finds no evidence of bad faith. In any event, the limited evidence submitted suggests Exxon was not prejudiced by the late addition. Plaintiffs submitted Mr. Savoie's deposition transcript wherein Chevron USA Inc.'s counsel appeared on behalf of Exxon in August 2019 and questioned Mr. Savoie about his work for Mobil. (Rec. Doc. 18-1)

These principles considered, the Court finds that Exxon untimely removed under §1446(c)(1). These procedural grounds alone justify remand; however, the

Court shall also address Exxon's improper joinder argument for sake of the District Court's review.

### III. <u>Whether Travelers was improperly joined.</u>

Exxon contends that Travelers, a non-diverse defendant, was improperly joined because it did not insure a potentially liable party at the applicable time. "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (en banc). "To demonstrate improper joinder of resident defendants, the removing defendants must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Gasch v. Hartford Acc. & Indem. Co.,* 491 F.3d 278, 281 (5th Cir. 2007), quoting *Crockett v. R.J. Reynolds Tobacco Co.,* 436 F.3d 529, 532 (5th Cir.2006). Defendants in this case do not offer any evidence of actual fraud in the pleadings. As such, under the second category of improper removals, the threshold question is whether "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* citing *Smallwood, supra.* In deciding whether a party was improperly joined, the court must resolve all contested factual

issues and ambiguities of state law in favor of the plaintiff. *Id*. citing *Guillory v. PPG Indus., Inc.,* 434 F.3d 303, 308 (5th Cir.2005).

While the court has discretion to "pierce the pleadings and consider summary judgment-type evidence in the record" in determining whether joinder was improper, it "must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff." *McKee v. Kan. City S. Ry. Co*., 358 F.3d 329, 334 (5th Cir.2004). Thus, "although the type of inquiry into the evidence is similar to the summary judgment inquiry, the district court is not to apply a summary judgment standard but rather a standard closer to the Rule 12(b)(6) standard." *Id.* Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor. *Id*. The Court "must also take into account the 'status of discovery' and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant." *Id.* at 334-36; *see also Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003) (noting that when discovery was ongoing "simply pointing to the plaintiff's lack of evidence at stage of the case is insufficient" to establish improper joinder). At this stage of the litigation the plaintiff is not expected to produce evidence sufficient to survive a motion for summary judgment; he must only show a "reasonable basis for the [] court to predict that the plaintiff might be able to recover." *Smallwood*, 385 F.3d at 573; *see also Guillory v. PPG Indus., Inc*., 434 F.3d 303, 308–09 (5th Cir.2005) (explaining "[w]e do not determine

10

whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so").

Exxon contends Travelers was improperly joined because it did not insure Tennessee Gas Pipeline from 1972 to 1974, as Plaintiffs allege (see Rec. Doc. 1, ¶3; 10). Initially, in support of its argument, Exxon submitted the November 12, 2020 Declaration of Julio Velez, Travelers Legal Specialist, who attested that no Travelers policies existed for the period of 1972 to 1974 issued to Tennessee Gas Pipeline Company. (Rec. Doc. 17-1). Travelers attached the November 12, 2020 Declaration to its motion for summary judgment, filed November 15, 2020, seeking dismissal of Plaintiffs' claims (Rec. Doc. 15).

Meanwhile, on November 30, 2020, in response to Exxon's removal claims of improper joinder, Plaintiffs stated that "prior and unrelated cases have produced discovery documents which clearly show Travers [] insured Tenneco." (Rec. Doc. 18, p. 4). Plaintiffs also submitted information indicating that Tennessee Gas Pipeline and Tenneco are related entities. (Rec. Doc. 18; 18-2 through 18-5). Four days later, Travelers withdrew its motion for summary judgment based on Plaintiffs' assertions that Travelers insured Tenneco. (Rec. Doc. 19; 20). In January 2021, Plaintiffs submitted a new declaration from Mr. Velez in which he attests that Travelers issued two policies during the pertinent time period to Tenneco Inc. (Rec. Doc. 32-1).

Exxon nonetheless maintains that Travelers was improperly joined, because Plaintiffs' petitions assert claims against Tennessee Gas Pipeline, not Tenneco. Exxon's position incorrectly assumes the Court is prohibited from considering facts beyond the pleadings. As stated above, the Court may pierce the pleadings on this jurisdictional issue and must resolve contested facts on Plaintiffs' favor. Rather than providing evidence purporting to disprove Tennessee Gas Pipeline's relationship with Tenneco, Exxon points to Plaintiffs' purported failure to provide sufficient evidence proving the two entities are related for insurance purposes. The improper joinder standard mandates that Plaintiffs be given the benefit of the doubt.

Exxon further argues that the new Travelers declaration constitutes post-removal evidence that cannot defeat jurisdiction properly existing at the time of removal, citing *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 265 (5th Cir. 1995). The court in *Cavallini* held that the plaintiff could not amend the complaint after removal to divest the court of diversity jurisdiction which existed at the time of removal. Thus, for instance, the plaintiff cannot amend his claim for damages after removal to seek less than the jurisdictional amount. *Id*. See also *Gebbia v. Wal-Mart Stores, Inc*., 233 F.3d 880, 883 (5th Cir. 2000) ("While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal."). However, *Cavallini*

12

distinguished *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.,* 988 F.2d 559 (5th Cir.1993), *cert. denied,* 510 U.S. 1041 (1994), *abrogated on other grounds*, in which the court considered post-removal affidavits *clarifying* jurisdictional facts which were otherwise unclear at the time of removal. *Cavallini*, 44 F.3d at 265. As evidenced by Mr. Velez's contrary affidavits, Travelers' identity as an involved insurer was ambiguous at the time of removal. Considering Exxon's burden and the improper joinder standard, the Court cannot ignore Plaintiffs' post-removal evidence that Travelers insured Tenneco and that Tenneco is somehow affiliated with Tennessee Gas Pipeline. Accordingly, the Court finds that Exxon has failed to satisfy its burden to show that Plaintiffs have no possibility of recovery against Travelers.

## **Conclusion**

Having found that Exxon's removal was untimely and that the non-diverse defendant, Travelers Insurance Company, was not improperly joined, the Court recommends that Plaintiffs' Motion to Remand (Rec. Doc. 12) be GRANTED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after

13

being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 7th day of March, 2023.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE